SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

ATTORNEYS FOR DEFENDANTS LIFE INSURANCE
COMPANY OF NORTH AMERICA AND
CONCENTRA OPERATING CORPORATION
LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONSTANCE BEECH,<br><br>    Plaintiff,<br><br>  v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, and CONCENTRA OPERATING CORPORATION LONG TERM DISABILITY PLAN,<br><br>    Defendants. | Case No.:    CV07-05809 JF<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Courtroom:    3<br>Honorable Jeremy Fogel<br><br><br>Filing Date: November 15, 2007 |

Defendants Life Insurance Company of North America ("LINA") and Concentra Operating Corporation Long Term Disability Plan ("the Plan") (collectively "Defendants") hereby answer Plaintiff Constance Beech's ("Plaintiff") complaint for benefits under a group disability employee benefit plan ("the Complaint") as follows:

    1.    Defendants admit the allegations in paragraph 1 of the Complaint.

    2.    Defendants admit the allegations in paragraph 2 of the Complaint.

    3.    Answering the allegations in paragraph 3 of the Complaint, Defendants admit that LINA is an insurance company domiciled in the State of Pennsylvania and duly licensed to

transact business in the State of California. Except as so admitted, Defendants deny the allegations in paragraph 3 of the Complaint.

4. Answering the allegations in paragraph 4 of the Complaint, Defendants admit that the disability benefits that are the subject of this action provided under the Plan are insured by LINA under a group disability insurance policy ("the Policy"). Defendants further admit that LINA makes the decisions concerning the payment of benefits under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Answering the allegations in paragraph 8 of the Complaint, Defendants admit that incident to her employment with Concentra Operating Corporation ("Concentra"), Plaintiff became a participant in the Plan and received coverage under the Policy. The definition of disability stated in the Policy controls this matter and speaks for itself. Except as so admitted, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Answering the allegations in paragraph 9 of the Complaint, Defendants admit that documents contained in the Claim file that is the subject of this matter ("the Administrative Record") state that Plaintiff was employed with Concentra as a nurse case manager. The job description for this position is contained in the Administrative Record and speaks for itself. Except as so admitted, Defendants deny the allegations in paragraph 9 of the Complaint.

10. Answering the allegations in the second paragraph 10 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on this basis, deny said allegations.

11. Answering the allegations in paragraph 11 of the Complaint, Defendants admit that documentation in the Administrative Record states that Plaintiff left her regular occupation on April 15, 2006. Moreover, documentation in the Administrative Record suggests that Plaintiff was diagnosed with cervical strain, lumbar strain, and bilateral carpal tunnel syndrome. Except as so admitted, Defendants deny the allegations in paragraph 11 of the Complaint.

12. Answering the allegations in paragraph 12 of the Complaint, Defendants admit that the Administrative Record contains documentation which suggests that Plaintiff's diagnoses in February 2006 included the conditions listed in paragraph 12. Except as so admitted, Defendants deny the allegations in paragraph 12 of the Complaint.

13. Answering the allegations in paragraph 13 of the Complaint, Defendants admit that Plaintiff submitted a claim for long term disability benefits in March 2006, claiming a date of disability of April 15, 2005. Defendants further admit that LINA denied her claim on or about May 10, 2006. Except as so admitted, Defendants deny the allegations in paragraph 13 of the Complaint.

14. Answering the allegations in paragraph 14 of the Complaint, Defendants state that LINA's May 10, 2006 correspondence, which is contained in the Administrative Record, must be read in its entirety and speaks for itself. Except as so admitted, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Answering the allegations in paragraph 16 of the Complaint, Defendants admit that the Administrative Record contains an appeal correspondence from Plaintiff's counsel dated October 27, 2006. Except as so admitted, Defendants deny the allegations in paragraph 16 of the Complaint.

17. Answering the allegations in paragraph 17 of the Complaint, Defendants admit that LINA upheld its initial benefit determination and communicated this decision in a letter dated Novemebr 15, 2006. Except as so admitted, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Answering the allegations in paragraph 18 of the Complaint, Defendants state that LINA's November 15, 2006 correspondence, which is contained in the Administrative Record, must be read in its entirety and speaks for itself. Except as so admitted, Defendants deny the allegations in paragraph 18 of the Complaint.

19. Answering the allegations in paragraph 19 of the Complaint, Defendants state that LINA's November 15, 2006 correspondence, which is contained in the claim file, must be read in

1  its entirety and speaks for itself. The letter does state that Plaintiff could submit another appeal.
2  Except as so admitted, Defendants deny the allegations in paragraph 19 of the Complaint.

3      20.    Answering the allegations in paragraph 20 of the Complaint, Defendants admit that
4  Plaintiff was awarded social security disability benefits in Decmber 2006. Read in its entirety, the
5  award notice issued by the Social Security Administration speaks for itself. Except as so admitted,
6  Defendants deny the allegations in paragraph 20 of the Complaint.

7      21.    Defendants admit the allegations in paragraph 21 of the Complaint.

8      22.    Answering the allegations in paragraph 22 of the Complaint, Defendants admit that
9  Plaintiff submitted medical information and a copy of the award notice along with her appeal
10 correspondence dated May 9, 2007. Except as so admitted, Defendants deny the allegations in
11 paragraph 22 of the Complaint.

12     23.    Answering the allegations in paragraph 23 of the Complaint, Defendants admit that
13 LINA upheld its initial determination and communicated this decision in a letter dated July 25,
14 2007. Except as so admitted, Defendants deny the allegations in paragraph 23 of the Complaint.

15     24.    Answering the allegations in paragraph 24 of the Complaint, Defendants state that
16 LINA's July 25, 2007 correspondence, read in its entirety, speaks for itself. Except as so
17 admitted, Defendants deny the allegations in paragraph 24 of the Complaint.

18     25.    Defendants deny the allegations in paragraph 25 of the Complaint.

19     26.    Defendants admit the allegations in paragraph 26 of the Complaint.

20     27.    Defendants deny the allegations in paragraph 27 of the Complaint.

21     28.    Defendants deny the allegations in paragraph 28 of the Complaint.

22     29.    Defendants deny the allegations in paragraph 29 of the Complaint.

23     30.    Defendants are not required to answer to allegations in paragraph 30 of the
24 Complaint as they are conclusions of law and no answer is required. To the extent that this
25 paragraph contains factual allegations, Defendants deny these allegations.

26     31.    Defendants admit the allegations in paragraph 31 of the Complaint.

27     32.    Defendants deny the allegations in paragraph 32 of the Complaint.

28

33.     Defendants admit that Plaintiff purchased optional coverage under the Plan, increasing her benefit to 60% of her earnings minus any eligible offsets allowed under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Answering the allegations in paragraph 35, Defendants admit that the allegations in paragraph 35 summarize the nature of this action and Plaintiff's assertions. Defendants deny that Plaintiff is entitled to the relief described in this paragraph.

36.     Answering the allegations in paragraph 36 of the Complaint, Defendants admit that the allegations in paragraph 36 summarize the nature of this action and Plaintiff's assertions. Defendants deny that Plaintiff is entitled to the relief described in this paragraph.

37.     Defendants deny the allegations in the Prayer of the Complaint.

### AFFIRMATIVE DEFENSES

1.     As a first affirmative defense, Defendants allege that Plaintiff has failed to state a claim for relief against Defendants, and each of them.

2.     As a second affirmative defense, Defendants allege that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The Administrative Record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3.     As a third affirmative defense, Defendants deny that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendants allege that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4.     As a fourth affirmative defense, Defendants allege that Defendant Life Insurance of North America ("LINA"), as a claims administrator, is not a proper party to this action for benefits under ERISA.

5.     As a fifth affirmative defense, Defendants allege that LINA, as the claim administrator, has discretion to interpret the plan terms. Accordingly, the abuse of discretion

1  standard applies in this action.

2        6.    As a sixth affirmative defense, Defendants allege that in the event that Plaintiff is
3  entitled to benefits, she is only entitled to an award of back benefits. Any decision concerning her
4  entitlement to benefits in the future must be made by the Claims Administrator, not the Court.

6  Date: January 29, 2008                    WILSON, ELSER, MOSKOWITZ,
7                                              EDELMAN & DICKER LLP

8                            By: *Sean P. Nalty* (signature)
9                              SEAN P. NALTY
                             Attorney for Defendants
10                             LIFE INSURANCE COMPANY OF NORTH
                             AMERICA, and CONCENTRA OPEATING
11                             CORPOATION LONG TERM DISABILITY
                             PLAN

## PROOF OF SERVICE
*Constance Beech v. Life Insurance Company of North America, et al.*
USDC NDCA Case #CV07-05809JF

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Charles Balch Perkins
Flynn Rose & Perkins
59 North Santa Cruz Avenue
Suite Q
Los Gatos, CA 95030
(408) 399-4566

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on January 29, 2008, at San Francisco, California.

*M. Lisette Meyer* (signature)
M. Lisette Meyer

---

7
**ANSWER TO PLAINTIFF'S COMPLAINT'**
322234.1                                                        USDC NDCA Case #CV07-05809 JF